IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRISTINA HACHE, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-728-P |
| | § | |
| FDC MANAGEMENT INC., ET AL. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT FDC MANAGEMENT INC.'S SECOND RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pending before the Court is Defendant FDC Management Inc. ("FDC Management")'s Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. 17], filed September 16, 2024. Having carefully considered the motion, response, and applicable law, the Court **RECOMMENDS** that Defendant FDC Management's motion be **GRANTED** for the reasons set forth below.

## I.   RELEVANT BACKGROUND

On August 1, 2024, *pro-se* Plaintiffs Cristina Hache and Trosky Hache filed a Complaint against Defendant FDC Management. Thereafter, on September 5, 2024, FDC Management filed a motion to dismiss. Noting that FDC Management had "raised several potentially meritorious reasons as to why some or all of Plaintiffs' claims against it should be dismissed[,]" the Court, on September 9, 2024, issued an order requiring Plaintiffs to file an amended complaint [doc. 12]. Thereafter, on September 10, 2024, Plaintiffs filed an "Amended Petition for Relief of Breach of Contract, Breach of the Implied Warranty of Habitability and Request for Preliminary Injunction" ("Amended Complaint") [doc. 13] in which they added a new Defendant, Woodbridge Properties ("Woodbridge"). (*See* Plaintiffs' Amended Complaint ("Pls.' Am. Compl.") at 1-17.) In this Amended Complaint, Plaintiffs allege that the Defendants violated several provisions of an Apartment Lease Contract, dated October 7, 2023, for the rental of an apartment in which Plaintiffs resided until approximately June 24, 2024. (*Id.*) Specifically,

1

Plaintiffs assert the following claims against Defendants: (1) breach of section 9 of the Apartment Lease Contract; (2) breach of Section 11 of the Apartment Lease Contract; (3) breach of section 11.1(c) of the Apartment Lease Contract; (4) beach of section 15.1 and 15.2 of the Apartment Lease Contract; (5) breach of section 20.1 of the Apartment Lease Contract; (6) demand for travel reimbursement; (7) demand for compensation for lost profits; (8) demand for repayment of related medical bills; (9) request for award of exemplary damages; (10) breach of the implied warranty of habitability; and (11) request for preliminary injunction.  (Pls.' Am. Compl. at 8-14.)  Plaintiffs attached a copy of the Apartment Lease Contract to their Amended Complaint [doc. 13-1].[1]  Plaintiffs allege that Defendant FDC Management is a "property management company" and that Defendant Woodbridge is a "rental property community managed by defendant FDC, and plaintiffs' place of residence at all relevant times in this matter." (Pls.' Am. Compl. at 1-2.)  Plaintiffs further allege that "FDC operates as Woodbridge's agent for the purposes of managing the property in question." (Pls.' Am. Compl. at 3.)  Plaintiffs also state:

> Wherever it is alleged that defendants did anything, or failed to do anything, it is meant that such conduct was done by defendants' employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by defendants, or done with such apparent authority so as to cause plaintiffs to reasonably rely that such conduct was within the scope of their authority.

(Pls.' Am. Compl. at 3.)

In its motion to dismiss, FDC Management argues that all claims against it should be dismissed because "[a]t no relevant times is Defendant a party to the Lease or any other agreement with Plaintiffs." (FDC Management's Second Motion to Dismiss ("FDC Mgmt.'s Mot. to Dismiss") at 1.)  FDC Management further claims that, pursuant to a specific clause in the above-referenced lease agreement,

---

[1] The Apartment Lease Contract, at the bottom of the contract, indicates it is a form contract created in 2022 by the Texas Apartment Association, Inc ("TAA").  Attached to the Apartment Lease Contract are various addendums that also indicate they were created by the TAA.

2

it is "not personally liable for any of the owner's contractual obligations (i.e. the entirety of Plaintiffs' allegations) merely by virtue of action on the owner's behalf." (*Id*. at 2.)

Plaintiffs, in their response, argue, *inter alia*, that under the rules of agency law, FDC Management was an agent of Woodbridge, making "FDC a party to the Lease contract in question." (Plaintiffs' Opposition to Defendant's Second Motion to Dismiss ("Pls.' Resp") at 2; *see also* Pls.' Resp. at 3.).) Plaintiffs further claim that "FDC, through their actions or inactions violated multiple Texas State statutes, including but not limited to 'Violation of Tex. Prop. Code Ann., § 91.004, §92.056 and TITLE 2 Ch. 41 § 41.003." (*Id*. at 2 (mistakes in original).) Plaintiffs also state that, as an agent, "FDC had no duty to break the law, FDC is liable for their actions when committing the alleged violations and lacks any agency or contractual protections that it would otherwise have." (Pls.' Resp at 2 (emphasis omitted) (mistakes in original); *see* Pls.' Resp at 7.) Plaintiffs further claim that the Apartment Lease Contract should be unenforceable because it was an adhesion contract as it "is a standard contract in the property management business" and "one which Plaintiffs had no ability to amend or negotiate due to their weaker bargaining position." (Pls.' Resp. at 5.) In addition, Plaintiffs aver that, since FDC Management is vicariously liable for the conduct of its employees, FDC Management "would be liable for its employee's representation of ownership of the property in question. (*Id*. at 6.)

## II.     LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to

most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

The Apartment Lease Contract attached to Plaintiffs' Amended Complaint indicates that the parties to the contract are Plaintiffs, as "Residents," and "Owner," which is listed as "Woodbridge Apartments." (Apartment Lease Contract [doc 13-1] at 1.) The Apartment Lease Contract was signed on October 7, 2023, by Plaintiffs and Constance Mosley, who is listed as an "Owner or Owner's Representative (signing on behalf of owner). ("Apartment Lease Contract [doc. 13-1] at 23.) Section 24 of the Apartment Lease Contract, which is titled "Representative's Authority and Waivers," states, as relevant here, "No employee, agent, or management company is personally liable for any of our contractual, statutory, or other obligations merely by virtue of acting on our behalf" (hereinafter referred to as the "Exclusion Clause"). (Apartment Lease Contract [doc. 13-1] at 5.)

4

As set forth above, FDC Management argues that they should be dismissed from the case based on the Exclusion Clause in the Apartment Lease Contract, which explicitly states that they, as a management company, cannot be personally liable for any of the owner's contractual, statutory, or other obligations. (FDC Mgmt.'s Mot. to Dismiss at 2.) The Court notes that parties have a right to contract as they see fit if their agreement does not violate the law or public policy. *See Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 664 (Tex. 2008) ("This Court has long recognized Texas' strong public policy in favor of preserving the freedom of contract."); *Sonny Arnold, Inc. v. Sentry Savs. Ass'n*, 633 S.W.2d 811, 815 (Tex. 1982) (recognizing "the parties' right to contract . . . as they see fit, so long as the contract does not offend public policy and is not illegal"). While Plaintiffs allege in their response that the Apartment Lease Contract is an adhesion contract, the Court notes that "the fact that the Lease Agreement is a form contract written by the TAA or the fact the agreements contained boilerplate language [does not] mean that the agreements are unconscionable." *Coonly v. Gables Residential Servs.,* Inc., No. 04-12-00702-CV, 2013 WL 6022261, at *6 (Tex. App.—San Antonio Nov. 13, 2013, no pet.); *see In re Pearl Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex. 2006) (stating that "adhesion contracts are not *per se* unconscionable or void") (emphasis in original). While it may be contrary to public policy and certain Texas statutes to allow a landlord to exempt itself from liability to certain claims, this is not the case here as the Exclusion Clause does not attempt to limit the liability of Defendant Woodbridge. *See*, *e.g.*, *Crowell v. Housing Authority of City of Dallas*, 495 S.W.2d 887, 889 (Tex. 1973) (finding it contrary to public policy to allow a housing authority to exempt itself by contract from liability to its own tenants for negligence).

Moreover, Plaintiffs have made no allegations that Defendant FDC Management acted outside the scope of its agency or employment relationship with Defendant Woodbridge. *See Hawatmeh v. Ganier*, 523 P.3d 541, 2023 WL 1452139, at *1 (Nev. 2023) (affirming order granting motion for

5

judgment on the pleadings, which could have been construed as a motion to dismiss because the reviewing standard is the same, because an identical exclusion clause to the one in this case excluded an employee from liability when such clause was not meaningfully disputed and the complaint alleged the employee was acting within the scope of her employment). Consequently, pursuant to the Exclusion Provision, which contains clear and unambiguous language, the Court finds and concludes that the parties to the Apartment Lease Contract agreed that Defendant FDC Management would not be liable for any contractual, statutory, or other obligations while acting on behalf of Defendant Woodbridge.[2] In sum, Plaintiffs fail to state a claim against Defendant FDC Management as a matter of law.

### III.    PRO SE PARTIES AND RIGHT TO AMEND

On a motion to dismiss for failure to state a claim, a "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his or her complaint before it is dismissed. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster*, 587 F.3d at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See Clements v. Bank*, No. 6:20-CV-00821, 2021 WL 4483829, at *3 (W.D. La. Sept. 29, 2021) ("Since [Plaintiff] has previously been granted leave to amend his complaint to cure these defects, the Court concludes that any further attempt to an amendment would be futile.")

---

[2] The Court notes, as set forth above, that the Exclusion Provision does not limit or affect the potential liability of Defendant Woodbridge under the claims alleged by Plaintiffs.

In the present case, Plaintiffs have already been given the opportunity to file an Amended Complaint. Accordingly, the Court finds and concludes that the granting of any additional leave for Plaintiffs to amend their claims against Defendant FDC Management would be futile.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that Defendant FDC Management's Second Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. 17] be **GRANTED** and that all claims against **Defendant FDC Management** be **DISMISSED** for the reasons stated herein.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 6, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

    SIGNED October 23, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE